Not For Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 09-2136

JOSÉ E. NATAL-ROSARIO; KATHERINE M. ÁLVAREZ;
CONJUGAL PARTNERSHIP NATAL-ÁLVAREZ,

Plaintiffs, Appellants,

v.

JANE ERICKSON; JOSÉ E. CALDERO-LÓPEZ; MIGUEL MARRERO;
IVÁN LÓPEZ; ISMAEL MORALES; MERCEDES TORRES-RODRÍGUEZ;
CARLOS NAZARIO,

Defendants, Appellees,

PUERTO RICO POLICE DEPARTMENT; COMMONWEALTH OF PUERTO RICO,

Defendants.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Jay A. García-Gregory, U.S. District Judge]

---

Before
Torruella, Lipez, and Thompson,
Circuit Judges.

---

Nicolás Nogueras-Cartagena, on brief for appellants.
Rosa Elena Pérez-Agosto, Assistant Solicitor General, Irene S. Soroeta-Kodesh, Solicitor General, Leticia M. Casalduc-Rabell, Deputy Solicitor General, and Zaira Z. Girón-Anadón, Deputy Solicitor General, on brief for appellees Caldero-López and Nazario.
Thomas F. Klumper, Assistant United States Attorney, Rosa Emilia Rodríguez-Vélez, United States Attorney, and Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, on brief for appellees Erickson, Marrero, and López.

---

January 31, 2011

---

**Per Curiam**.  Plaintiff José E. Natal-Rosario ("Natal") appeals the district court's dismissal, under Rule 12(b)(6), of his claims against the defendants, Federal Bureau of Investigation ("FBI") agents and Puerto Rico Police Department ("PRPD") officers. Natal alleges that the defendants (1) violated his Fourth Amendment rights by conducting an illegal search and seizure and (2) infringed upon his Fifth and Fourteenth Amendment rights to substantive and procedural due process.

Natal's Fourth Amendment argument has two components. First, Natal contends that when one FBI agent questioned him about personal matters that were unrelated to the corruption charge about which he had agreed to be questioned, the agent was conducting an illegal search of Natal's private affairs.  This claim is waived because it was not raised below.  See, e.g., Martex Farms, S.E. v. EPA, 559 F.3d 29, 33 (1st Cir. 2009).

Second, Natal argues that he was subjected to an illegal seizure because he felt compelled to agree to undergo a polygraph examination and, once seated for the exam, felt he was not at liberty to leave.  Natal contends that he could not terminate the interrogation or the encounter because he felt he needed to clear his name, both to protect his reputation in general and to retain his position as a deputized federal agent.  We agree with the district court that Natal's complaint cannot survive a Rule 12(b)(6) motion under the standard articulated in Ashcroft v.

Iqbal, 129 S. Ct. 1937, 1949-50 (2009).  "If an officer, by means of show of authority, even briefly restrains the liberty of a citizen, we may conclude that a seizure has occurred," so long as we are "able to conclude that coercion, not voluntary compliance, most accurately describes the encounter." United States v. Smith, 423 F.3d 25, 28 (1st Cir. 2005).  The facts pled here do not "plausibly suggest an entitlement to relief," Iqbal, 129 S. Ct. at 1951, given this standard.  Here, even assuming that Natal's complaint allowed us to infer that he felt it was necessary to undergo the polygraph exam and answer the FBI agent's questions in order to maintain his position, we could not conclude that these facts plausibly suggest that he was a victim of coercion.  See Fournier v. Reardon, 160 F.3d 754, 757 (1st Cir. 1998) (concluding, where plaintiff was handcuffed and put under "house arrest" as punishment during police training course, that even though plaintiff might have suffered "negative consequences for his continued employment" if he had not submitted to "house arrest," the punishment did not constitute a seizure because a reasonable observer would conclude that plaintiff was free to end it).

Finally, because Natal only mentions his Fifth and Fourteenth Amendment substantive and procedural due process claims in a cursory manner on appeal, these arguments are deemed waived. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

For the reasons stated, we affirm the district court's dismissal of Natal's claims.

**<u>Affirmed</u>**.